Casper *v.* Rose et ux., Appellants.

Argued October 6, 1931.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunning-
ham and Baldrige, JJ.

*Lester Bowman,* for appellant.

No appearance and no printed brief for appellees.

Opinion by Gawthrop, J., November 20, 1931:

Plaintiff sued defendants, Harry D. Rose and Yetta
Rose, to recover from them the balance alleged to be
due for work done and materials furnished by him
to defendants under an oral contract, averred to have
been reduced to writing and executed by Harry D.
Rose alone, in his own name, for and in behalf of
himself and Yetta Rose, who, it was alleged, author-
ized him to sign her name to the writing for her and
deliver it to plaintiff. Yetta Rose filed an affidavit
of defense raising the question of law that the state-
ment of claim set up no valid cause of action against
her. On December 9, 1930, the court below entered
an order adjudging that the statement of claim did
set forth a good cause of action against Yetta Rose
and granted her leave to file an affidavit of defense
on the merits. On December 30, 1930, judgment was
entered against her for want of an affidavit of de-

fense. On February 14, 1931, she filed a petition to open the judgment against her and to be permitted to file an affidavit of defense, a copy of which was attached to the petition. The ground on which the court was asked to open the judgment was that the failure to file an affidavit of defense on the merits was due to the fact that she was advised by counsel to take an appeal to the Superior Court from the order adjudging the statement of claim sufficient, but that on account of the expense involved in such an appeal "she has decided to contest the matter on the merits." She brings this appeal from an order discharging a rule to open the judgment of December 30, 1930.

Neither discussion nor the citation of authorities is required to support our conclusion that the petition to open the judgment avers no valid reason for opening it. Counsel for appellant seems to realize this, for he does not argue that it does. He urges only that the statement of claim did not aver a good cause of action against appellant and that, therefore, it was error to refuse to open the judgment. Manifestly appellant is merely seeking to relitigate a question already determined by the court below against her in the order of December 9, 1930, from which no appeal was taken. This she cannot do on this appeal. Even if the order of December 9, 1930, were wrong (a matter as to which we express no opinion), the error could not be corrected by us on this record. No valid assignment of error raises the question stated and argued. Further discussion would be useless.

Judgment affirmed.